IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PERCY MACIAS, ISODORO PEÑA, and ALMA LOPEZ; on behalf of themselves and others similarly situated, | § § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | CIVIL ACTION NO. 19-cv-04856 |
| CATAPULT PAINTING, LLC; FR COMMERCIAL LLC; BBP INDUSTRIES, LLC; SAMBECCA MANAGEMENT GROUP, LLC; MITCHELL ZIVIN; and WENDY ZIVIN, | § § § § § § § | |
| *Defendants*. | § § | |

## **PLAINTIFFS' ORIGINAL COMPLAINT**

### I. INTRODUCTION

1. Plaintiffs Percy Macias, Isodoro Peña, and Alma Lopez worked as full time painters laboring for Defendants Catapult Painting, LLC, FR Commercial LLC, BBP Industries, LLC, SamBecca Management Group, LLC, Mitchell Zivin, and Wendy Zivin ("Defendants") in Houston, Texas. Defendants Mitchell Zivin and Wendy Zivin jointly operate multiple painting companies based out of their main office in Plano, Texas and employ laborers to perform painting work on construction projects for their companies. Plaintiffs worked more than 40 hours per week and were not paid the proper overtime wages required by the Fair Labor Standards Act. Defendants misclassified Plaintiffs as independent contractors, made unreasonable and illegal deductions from Plaintiffs' pay, and failed to pay Plaintiffs all of their overtime wages. Further, Defendants failed to Plaintiffs at all for their last weeks of employment for Defendants. Plaintiffs bring this action

on behalf of themselves and others similarly situated to recover damages for Defendants' violations of their rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA").

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).

3. Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2). Each Defendant resides in Texas, and a substantial portion of the communications, events, or omissions underlying Plaintiffs' claims occurred in or around Houston, Texas.

## III. PARTIES

5. Plaintiff Percy Macias is an individual who worked for Defendants as a painter in Houston, Texas. Plaintiff Percy Macias has consented to the filing of this action for violations of the FLSA, *see* Exhibit A.

6. Plaintiff Isidoro Peña is an individual who worked for Defendants as a painter in Houston, Texas. Plaintiff Isidoro Peña has consented to the filing of this action for violations of the FLSA, *see* Exhibit A.

7. Plaintiff Alma Lopez is an individual who worked for Defendants as a painter in Houston, Texas. Plaintiff Alma Lopez has consented to the filing of this action for violations of the FLSA, *see* Exhibit A.

8. Defendant Catapult Painting, LLC ("Catapult Painting") is a domestic company formed and existing under the laws of the State of Texas and whose principal place of business is 4105 W Spring Creek Parkway, Plano, Texas 76024. Defendant Catapult Painting may be served with

process by serving its registered agent, SamBecca Management Group LLC at 4105 W. Spring Creek Parkway, #604, Plano, Texas 75024.

9. Defendant FR Commercial, LLC ("FR Commercial"), is a domestic company formed and existing under the laws of the State of Texas and whose principal place of business is 4105 W Spring Creek Parkway, Plano, Texas 76024. Defendant FR Commercial may be served with process by serving its registered agent, Mzta LLC, at 4105 W. Spring Creek Parkway, #604, Plano, Texas 75024.

10. Defendant BBP Industries, LLC ("BBP Industries"), is a domestic company formed and existing under the laws of the State of Texas and whose principal place of business is 4105 W. Spring Creek Parkway, #604, Plano, Texas 75024. Defendant BBP Industries may be served with process by serving its registered agent Wendy Zivin at 4105 W. Spring Creek Parkway, #604, Plano, Texas 75024.

11. Defendant SamBecca Management Group LLC ("SamBecca Management Group"), is a domestic company formed and existing under the laws of the State of Texas and whose principal place of business is 4105 W. Spring Creek Parkway, #604, Plano, Texas 75024. Defendant SamBecca Management Group may be served with process by serving its registered agent, Mitchell Zivin, at 4105 W. Spring Creek Parkway, #604, Plano, Texas 75024.

12. Defendant Mitchell Zivin is an individual residing in the state of Texas. He may be served with process at his place of business, 4105 W Spring Creek Parkway, #604, Plano, Texas 76024.

13. Defendant Wendy Zivin is an individual residing in the state of Texas. She may be served with process at her place of business, 4105 W Spring Creek Parkway, #604, Plano, Texas 76024.

## IV. FACTS

14. Plaintiff Percy Macias worked as a painter in Houston, Texas for Defendants from approximately July 2018 to January 27, 2019 and received paychecks from FR Commercial during that time.

15. Plaintiff Macias was paid an hourly rate, but Defendants made deductions from his paychecks, and he was not paid at all for his final two weeks of work with Defendants.

16. Plaintiff Isidoro Peña worked as a painter in Houston, Texas for Defendants from approximately May 2018 to February 2, 2019 and received paychecks from FR Commercial during that time.

17. Plaintiff Peña was paid an hourly rate, but Defendants made deductions from his paychecks, and he was not paid at all for his final two weeks of work with Defendants.

18. Plaintiff Alma Lopez worked primarily as a painter in Houston, Texas for Defendants from approximately July 2018 to mid-January 2019, and received paychecks from BBP Industries, LLC during that time.

19. Plaintiff Lopez was paid an hourly rate, but Defendants made deductions from her paychecks, and she was not paid at all for her final week of work with Defendants.

20. Each of the Plaintiffs worked together for Defendants as painters on the project at a luxury apartment building at 1770 S. Post Oak Lane, Houston, Texas 77056.

21. Defendants Mitchell Zivin and Wendy Zivin run several related and overlapping businesses that they operate under different names, including Catapult Painting, FR Commercial, BBP Industries and SamBecca Management Group, and that operate out of the same centralized location at 4105 W. Spring Creek Parkway, # 604, Plano, TX 75024 Plano, Texas.

22. Defendant Catapult Painting is a commercial painting company, headquartered in Plano, Texas, that performs painting services on commercial construction projects. Its main office is located at 4105 W Spring Creek Parkway, Plano, Texas 75024. Mitchell Zivin and his wife Wendy Zivin are the only directors and members of Catapult Painting.

23. Defendant FR Commercial is a commercial painting company, headquartered in Plano, Texas, that performs painting services on commercial construction projects. Its main office is located at 4105 W Spring Creek Parkway, Plano, Texas 75024. Its office is located at 4105 W Spring Creek Parkway, Plano, Texas 75024. Mitchell Zivin is sole member of FR Commercial LLC.

24. Defendant BBP Industries is a commercial painting company, headquartered in Plano, Texas, that performs painting services on commercial construction projects. Its main office is located at 4105 W Spring Creek Parkway, Plano, Texas 75024. Its office is located at 4105 W Spring Creek Parkway, Plano, Texas 75024. Wendy Zivin is sole member of BBP Industries.

25. Defendant SamBecca Management holds itself out as the "management company for Catapult Painting, LLC," and other businesses owned by Defendant Zivin. Sambecca Managemnt Group's office is located at 4105 W Spring Creek Parkway, #206, Plano, Texas 75024. Mitchell Zivin is the sole member and director of Sambecca Management Group LLC.

26. Plaintiffs were instructed by supervisors that project at 1770 S. Post Oak Lane on which they labored for several months was a Catapult Painting job.

27. Plaintiffs were paid by Defendants with checks from FR Commercial or BBP Industries; Plaintiffs received correspondence relating to their employment on FR Commercial letterhead, signed by Defendant Mitchell Zivin as a representative of the HR Department; Plaintiffs also

received communications on behalf of Zivin from SamBecca Management Group LLC relating to their employment with Zivin and the other businesses.

28. Plaintiffs worked alongside other painters that worked as part of their same crew under the same supervisors in Houston, Texas and painters were paid by Defendants with checks from FR Commercial or BBP Industries.

29. Defendants instructed the supervisors on their projects to keep time records for all painters on one time sheet regardless of whether Defendants Mitchell Zivin and Wendy Zivin paid them from FR Commercial, BBP Industries, or any other company.

30. At all times relevant to this action, Defendants acted as employers for purposes of the FLSA. 29 U.S.C. § 203(g). Among other things, the services rendered by Plaintiffs and similarly situated workers were a central part of Defendants' businesses; Defendants held and exercised significant control over Plaintiffs' and similarly situated workers' work; and Plaintiffs and similarly situated workers worked exclusively for Defendants.

31. Plaintiffs' work simultaneously benefited each Defendant during their period of employment.

32. Defendants operate as related entities and throughout Plaintiffs' employment, Defendants Mitchell Zivin and Wendy Zivin held their business out to Plaintiffs and their co-workers as FR Commercial, Catapult Painting, and SamBecca Management Group.

33. Throughout their time working for Defendants, Plaintiffs were "employees" of each Defendant within the meaning of the FLSA, as Defendants shared control over the manner and means of Plaintiffs' work and Plaintiffs' work was integral to the business of both Defendants.

34. At all times relevant to this action, Plaintiffs routinely worked more than 40 hours per week for Defendants, and regularly worked approximately 56 hours per week for Defendants based on the regularly scheduled work hours, but sometimes worked up to 75 hours in a workweek.

35. Throughout Plaintiffs' employment, Defendants made unreasonable deductions from Plaintiffs' wages in violation of the FLSA to pay for items and services that were primarily for the benefit of Defendants, including deductions for Defendants' equipment rentals to perform the work on the construction project and workers compensation coverage.

36. Additionally, Defendants failed to pay Plaintiffs any wages for work performed during Plaintiff Macias' and Plaintiff Peña's final weeks of employment from approximately January 11, 2019 to January 25, 2019. Defendants failed to pay Plaintiff Lopez for her final week of employment.

37. Defendants' pay practices resulted in Plaintiffs receiving less than their regular hourly wage rate for all hours of work up to 40 in each workweek and less than the required time and one-half the regular rate for all hours in excess of 40 in each workweek.

38. Further, during the weeks of non-payment, Plaintiffs' wages were less than the promised wage rate and less than the required minimum wage rate of $7.25 per hour.

39. Each workweek, in performing their painting work, Plaintiffs handled goods and equipment imported from other countries and states, including paint, paint brushes, and other items.

40. Defendants Catapult Painting, FR Commercial, BBP Industries, and Sambecca Management Group have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for

commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person, (including, e.g., paint), and in that said enterprise – both as individual entities and together - has had and has an annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes at the retail level which are separately stated.

41. At all times relevant to this action, Plaintiffs were employees of each Defendant.

42. Defendants Mitchell Zivin and Wendy Zivin established employee performance standards, and employees of their businesses directed and controlled Plaintiffs' work. Defendants Mitchell Zivin and Wendy Zivin shared the power to hire and fire Plaintiffs, supervise and control Plaintiffs' work schedule and conditions of employment, and determine the rate and method of Plaintiffs' pay, including deductions.

43. Upon information and belief, Defendants Mitchell Zivin and Wendy Zivin created the scheme to underpay employees in violation of the FLSA by making illegal deductions and failing to pay for weeks of employment.

44. Defendants Mitchell Zivin and Wendy Zivin jointly made decisions as to which companies to use for construction contracts, for payroll purposes to Plaintiffs and their co-workers on construction projects, and to correspond with Plaintiffs and their co-workers relating to their work on the construction projects.

45. Defendants Mitchell Zivin and Wendy Zivin maintained employee records in their central location in Plano, Texas where each of the Defendants had their main office.

46. All work Plaintiffs performed under the direction of Catapult Painting LLC was performed directly or indirectly in the interest of the other Defendants FR Commercial, BBP Industries, SamBecca Management Group, and Mitchell Zivin and Wendy Zivin.

47. All work Plaintiffs performed under the direction of any of the Defendants was performed directly or indirectly in the interest of the other Defendants.

48. At all times relevant to this action, Defendants knowingly, willfully, or with reckless disregard, carried out their illegal pattern or practice of failing to pay proper overtime compensation due to Plaintiffs and failing to compensate Plaintiffs for all hours worked.

49. At all times relevant to this action, Defendants failed to maintain and preserve complete and accurate records of Plaintiffs' hours of work as required by the FLSA.

50. At all times relevant to this action, Defendants' failure to maintain and preserve complete and accurate records was intentional.

## V. CLAIMS FOR RELIEF

### FAIR LABOR STANDARDS ACT
### (Against All Defendants)

51. This count sets forth a claim for declaratory relief and damages for each Defendant's violations of the overtime provisions of the FLSA.

52. Plaintiffs bring their FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly-situated current and former employees of Defendants.

53. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define the "FLSA Class" as follows: "All workers that performed labor on construction projects for Catapult Painting, FR Commercial, BBP Industries, and/or any other related entity operated by Mitchell Zivin and/or Wendy Zivin during the relevant statute of limitations."

54. All potential FLSA Class Members are similarly situated because, among other things, they were all employees of these Defendants and, upon information and belief, all suffered from the same policies of these Defendants, including the same illegal deduction policies, and the failure to pay the proper overtime wages for all hours over 40 in a workweek as required under FLSA.

55. All potential FLSA Class Members worked primarily as painters and laborers on Defendants' construction projects and were not exempt from the FLSA overtime protections.

56. Defendants did not pay potential FLSA Class Members for all of their actual hours worked, and made illegal deductions from their pay in violation of the FLSA.

57. Defendants failed to maintain and preserve complete and accurate records of the hours worked by and compensation paid to all potential FLSA Class Members as required by the FLSA.

58. Defendants' failure to pay Plaintiffs and FLSA Class Members their federally mandated overtime wages was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59. For these violations, Plaintiffs and all potential FLSA Class Members are entitled to recover their unpaid wages, an equal amount in liquidated damages, attorney's fees, and costs of court, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

a. Declare Defendants in violation of the FLSA, as set forth above;

b. Certify this action to proceed as a collective action under 29 U.S.C. § 216(b), and authorize the appropriate notice of this suit, and the opportunity to opt into it, to be provided to all potential members of the FLSA Class;

c. Award damages to Plaintiffs and FLSA Class Members for Defendants' failure to pay overtime wages under the FLSA and an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

d. Award Plaintiffs the costs of this action;

e. Award Plaintiffs reasonable attorney's fees;

f. Award Plaintiffs post-judgment interest; and

g. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

EQUAL JUSTICE CENTER

/s/ Christopher J. Willett
Christopher J. Willett
Attorney-In-Charge
Texas State Bar No. 24061895
S.D. Texas Fed. ID No. 1609981
cwillett@equaljusticecenter.org
510 S. Congress Ave., Ste 206
Austin, Texas 78704
Tel (512) 474-0007, ext. 132
Fax (512) 474-0008

Jordyn Rystrom Emmert
Texas State Bar No. 24106381
S.D. Texas Fed. ID No. 3150454
jemmert@equaljusticecenter.org
1922 Common Street
Houston, Texas 77009
Tel (832) 322- 7889
Fax (512) 474-0008

Colleen Mulholland
Texas State Bar No. 24091765
S.D. Texas Fed. ID No. 3151271
cmulholland@equaljusticecenter.org
8301 Broadway St., Ste. 309
San Antonio, Texas 78209
Tel (210) 308-6222
Fax (210) 308-6223

ATTORNEYS FOR PLAINTIFF