United States District Court
Southern District of Texas
**ENTERED**
October 22, 2020
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PERCY MACIAS, *et al.*, individually and on behalf of all others similarly situated | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-4856 |
| CATAPULT PAINTING, LLC, et al., | § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER GRANTING COUNTERDEFENDANTS' MOTION TO DISMISS COUNTERCLAIMS, WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**

Percy Macias, Isodoro Peña, and Alma Lopez sued Catapult Painting, LLC, FR Commercial LLC, BBP Industries, LLC, Sambecca Management Group, LLC, Mitchell Zivin, and Wendy Zivin, alleging that the defendants did not pay them appropriate wages, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and seeking to represent a class of similarly situated employees. (Docket Entry No. 1). The defendants, now counterplaintiffs, filed a counterclaim, which they later amended and reamended, alleging that Macias, Peña, and Lopez, the counterdefendants, committed civil theft and common-law fraud by submitting falsified timesheets. (Docket Entry No. 14 at ¶¶ 1–7; Docket Entry No. 18 at ¶¶ 1–14). The counterdefendants moved to dismiss the counterclaims. (Docket Entry No. 21).

Because the counterplaintiffs' amended counterclaims do not meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard for fraud claims, their counterclaims for common-law fraud and civil theft are dismissed, without prejudice and with leave to amend. The counterplaintiffs may amend their counterclaim no later than **November 13, 2020**.

## I.      Factual Background

The counterplaintiffs allege that the counterdefendants, former employees of the counterplaintiffs, submitted "fraudulent time sheets" that "consist of reported time that was not worked by" the counterdefendants.  (Docket Entry No. 18 at ¶ 6).  The counterplaintiffs also allege that the counterdefendants submitted "time sheets . . . for workers that were never present on the job site."  (*Id.*).

The counterplaintiffs allege that Lopez was responsible for submitting falsified timesheets.  (*Id.* at ¶ 7).  She was the "administrative assistant to the project manager," who would collect "data from individual workers," compile timesheets, and then submit them "to the project manager . . . who would then submit the time sheets via email to BBP Industries, LLC."  (*Id.*).  The counterplaintiffs allege that Lopez would complete timesheets "for herself that would include a significant amount of hours that she did not work."  (*Id.*).  They also allege that Lopez would "submit hours via email" for "workers who never were contracted to work for any of the" counterplaintiffs.  (*Id.* at ¶ 9).  These "ghost workers" would then give Lopez a "kickback" for the payments they received.  (*Id.*).  The counterplaintiffs allege that they relied on these falsified timesheets, causing them to overpay "at least $84,532.00."  (*Id.* at ¶ 10).  The counterplaintiffs include a spreadsheet listing the weeks, reporting dates, number of hours, and dollar value of each timesheet Lopez allegedly falsified.  (*Id.* at ¶ 7).  The counterplaintiffs also include a spreadsheet identifying each "ghost worker," as well as the number of hours and days they worked, their rate of pay, the amount they earned, their start and end dates, where they worked, and their employers.  (*Id.* at ¶ 9).

The counterplaintiffs allege that Macias and Peña "would report [their] fraudulent hours to" Lopez, who would then submit them to the project manager.  (*Id.* at ¶¶ 11, 13).  The counterplaintiffs allege the number of fraudulent hours Macias and Peña submitted per week, as

well as their hourly pay rates. (*Id.*). Based on the time submitted by Macias and Peña, the counterplaintiffs allege that they overpaid Macias $2,970.00 and overpaid Peña $7,680.00. (*Id.* at ¶¶ 12, 14). The counterplaintiffs include a spreadsheet listing the weeks, reporting dates, number of hours, and dollar value of each timesheet Macias and Peña allegedly falsified. (*Id.* at ¶ 11, 13).

## II.    The Legal Standard

A motion to dismiss for failure to plead with the particularity required by Rule 9(b) is treated as a Rule 12(b)(6) motion for dismissal for failure to state a claim. *See United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 n.8 (5th Cir. 2009); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Rule 9(b) "imposes a heightened pleading standard in cases where the plaintiff alleges fraud or mistake: particularity." *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 116–17 (5th Cir. 2019). Federal Rule of Civil Procedure 9(b) states that:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

"When the Rule 9(b) pleading standard applies, the complaint must contain factual allegations stating the 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Matter of Life Partners*, 926 F.3d at 117 (alteration omitted) (quoting *Tuchman v. DSC Comm'cns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). "[T]o properly allege fraud under Rule 9(b), the plaintiff must plead the who, what, when, where, and why as to the fraudulent conduct." *Id.* "While Rule 9(b) provides that intent and knowledge 'may be alleged generally,' this is not license to base claims of fraud upon conclusory allegations." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 154 (5th Cir. 2010). The plaintiff must allege a "plausible" basis for intent and knowledge under Rule 8. *United*

*States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260–61 (5th Cir. 2014); *see Ashcroft v. Iqbal*, 556 U.S. 662, 686–87 (2009) ("[Rule 9(b)'s 'generally' language] does not give [a plaintiff] license to evade the less rigid—though still operative—strictures of Rule 8. . . . And Rule 8 does not empower a respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss.").

## III.   Analysis

### A.   The Common-Law Fraud Claim

To state a claim for common-law fraud under Texas law, a plaintiff must allege that "the defendant made (1) a material misrepresentation (2) that was false, (3) which, at the time it was made, the defendant either knew was false or made it recklessly without knowledge of its truth, (4) with the intent that it be relied upon, (5) that the misrepresentation was actually and justifiably relied and acted upon by the plaintiff, and (6) that the plaintiff suffered injury." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 388 F. Supp. 2d 780, 784 (S.D. Tex. 2005).   The counterplaintiffs allege that the counterdefendants submitted falsified timesheets that included hours they did not work and hours for "ghost employees" who never worked for the counterplaintiffs.  (Docket Entry No. 18 at ¶¶ 6–14).

The counterplaintiffs do not allege the "specific content" of the allegedly fraudulent timesheets, omitting the number of hours the counterdefendants worked, the number of hours they claimed to have worked, and the days on which the counterdefendants reported fraudulently worked hours.  *See Risinger v. SOC LLC*, 936 F. Supp. 2d 1235, 1243 (D. Nev. 2013); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) ("Pleading fraud with particularity in this circuit requires time, place and contents of the false representations." (quotation marks and citation omitted)).   The counterplaintiffs "do not cite one statement that was made" in the

4

counterdefendants' timesheets. *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001).

Nor do the counterplaintiffs allege how many allegedly falsified timesheets were submitted, to which counterplaintiff the timesheets were submitted, or how the timesheets were submitted to Lopez, whether on paper, by email, or orally. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008) ("[The plaintiff] did not include the specific dates of any subsequent transactions and did not identify the speakers making alleged misrepresentations."); *see also Softketeers, Inc. v. Regal W. Corp.*, No. 19-cv-519, 2020 WL 3051361, at *3 (C.D. Cal. Apr. 22, 2020) ("Defendants do not identify which developers were instructed to falsify their time sheets, how many of the time sheets were falsified, or when in this time period this misconduct occurred."); *Solano v. Ali Baba Mediterranean Grill, Inc.*, No. 3:15-CV-0555-G, 2015 WL 7770893, at *7 (N.D. Tex. Dec. 3, 2015) ("However, the defendants fail to state the time period during which the plaintiff was allegedly misrepresenting his hours, the location at which the plaintiff recorded his allegedly over-stated hours, and the method the plaintiff used to record his hours."); *United States v. Compass Med., P.C.*, 09-cv-12124, 2011 WL 5508916, at *4 (D. Mass. Nov. 10, 2011) ("[The plaintiff] fails to allege when the false statements were actually recorded on specific billing sheets . . . . Nor does she connect any given billing sheet to a specific patient, nursing home, date, billing code, or the treatment claimed.").  Without these details about the alleged fraudulent conduct, the counterplaintiffs have not stated a claim for fraud.

### B.       The Civil-Theft Claim

Civil theft under the Texas Theft Liability Act is defined as "unlawfully appropriating property or unlawfully obtaining services as described by [various sections of the] Penal Code."

TEX. CIV. PRAC. & REM. CODE § 134.002(2).  The counterplaintiffs do not cite the Texas Penal Code or provide any information on their claim.[1]

The counterplaintiffs' civil-theft claim is based on the same underlying allegations of fraud as their common-law fraud claim.  Because the gravamen of the counterplaintiffs' civil-theft claim is fraud, the claim is subject to the heightened requirements of Rule 9(b).  *See Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) ("Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud.").

While courts can redact "allegations of fraud from the complaint" so that the counterplaintiff retains a plausible claim apart from fraud, *Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 737 (N.D. Tex. 2008), the counterplaintiff must provide a "separate focus" for those claims, *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003); *see also Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 123 (5th Cir. 2019) (Rule 9(b) applied to fraud claims but did not apply to claims for negligent misrepresentation because the "two claims," as pleaded, relied "on different sets of underlying facts"); *Am. Realty Tr., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 749 (N.D. Tex. 2005) ("Rule 9(b) operates to require dismissal of a negligent misrepresentation claim only when (1) a plaintiff waives arguments to the contrary or (2) the inadequate fraud claim is so intertwined with the negligent misrepresentation

---

[1] The elements of civil theft are: "(1) the plaintiff had a possessory right to the property; (2) the defendant appropriated the property (3) without the owner's effective consent; and (4) the plaintiff sustained damages as a result."  *O'Gan v. Ogle*, No. 03-19-00234-CV, 2020 WL 217176, at *4 (Tex. App.--Austin Jan. 15, 2020).

claim that it is not possible to describe a simple redaction that removes the fraud claim while leaving behind a viable negligent misrepresentation claim."). The counterplaintiffs did not respond to the counterdefendants' motion to dismiss and failed to identify a basis besides fraud for their civil-theft claim. For the same reasons the counterplaintiffs' common-law fraud claim failed, their civil-theft claim fails as well.

The counterdefendants requested dismissal with prejudice, (Docket Entry No. 21), but when a counterplaintiffs' counterclaim fails to state a claim, the court should generally give the counterplaintiff at least one chance to amend the counterclaim before dismissing it with prejudice. *See Reece v. Chubb Lloyds Ins. Co. of Tex.*, No. 11-cv-507, 2011 WL 841430, at *2 (S.D. Tex. Mar. 8, 2011); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

## IV.    Conclusion

The counterdefendants' motion to dismiss, (Docket Entry No. 21), is granted, without prejudice and with leave to amend. The counterplaintiffs have until **November 13, 2020**, to amend their counterclaim.

SIGNED on October 22, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

7