United States District Court
Southern District of Texas
**ENTERED**
October 22, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PERCY MACIAS, *et al.*, individually and on behalf of all others similarly situated | § § § |
| Plaintiffs, | § § |
| v. | §   CIVIL ACTION NO. H-19-4856 |
| CATAPULT PAINTING, LLC, et al., | § § § |
| Defendants. | § |

**MEMORANDUM AND ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION AND NOTICE TO CLASS MEMBERS**

Percy Macias, Isodoro Peña, and Alma Lopez sued Catapult Painting, LLC, FR Commercial LLC, BBP Industries, LLC, Sambecca Management Group, LLC, Mitchell Zivin, and Wendy Zivin, alleging that the defendants did not pay them appropriate wages, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and seeking to represent a class of similarly situated employees. (Docket Entry No. 1). The plaintiffs moved to conditionally certify the class of similarly situated employees and send them notice under the FLSA. (Docket Entry No. 23). The defendants did not respond.

Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion for conditional certification and notice. (Docket Entry No. 23). The class is defined as follows: "All workers who performed labor on construction projects for Catapult Painting, FR Commercial, BBP Industries, or other related entity operated by Mitchell Zivin or Wendy Zivin during the relevant statute of limitations, who were subjected to deductions from their pay for worker's compensation insurance or equipment rental costs." By November 6, 2020, the defendants must produce to the plaintiffs the names, and current or last known home addresses and email addresses of the class members.

The proposed notice, attached as Exhibit 1 to this order, with the dates to be filled in by counsel for the plaintiffs consistent with this order, is approved. The notices must be sent, in English and Spanish, no later than December 4, 2020, by first-class mail and email. The first-class mail notice must include a notice of consent and an addressed and postage-prepaid return envelope. The email notice must include electronic notices of consent with electronic signatures to opt in. The class members have until March 5, 2021, to opt in.

The reasons for these rulings are explained below.

## I. Background

From 2018 until 2019, Macias, Peña, and Lopez worked as painters for FR Commercial and BBP Industries.[1] (Docket Entry No. 1 at ¶¶ 14–16). The plaintiffs worked on a "project at a luxury apartment building" in Houston, Texas. (*Id.* at ¶ 20). The plaintiffs allege that they regularly worked more than 40 hours per week and often worked 56 hours per week or more. (*Id.* at ¶ 34). They allege that the defendants failed to pay the plaintiffs for their final two weeks of work, reducing their wages below the required hourly rate. (*Id.* at ¶¶ 35–38, 56–57). The plaintiffs also allege that the defendants made "unreasonable deductions" from their wages for "equipment rentals" and worker's compensation coverage. (*Id.* at ¶ 35).

In December 2019, the plaintiffs filed this class-action lawsuit against the defendants, alleging violations of the FLSA. (Docket Entry No. 1). In June 2020, the plaintiffs moved to conditionally certify a class and issue notice to the putative class members. (Docket Entry No. 23). The defendants did not respond.

---

[1] FR Commercial, BBP Industries, and Catapult Painting are commercial painting companies. (*Id.* at ¶¶ 22–24). SamBecca is the management company for the commercial painting companies. (*Id.* at ¶ 25). Mitchell and Wendy Zivin are the owners and directors of the management and painting companies. (*Id.* at ¶¶ 22, 25).

**II.     The Legal Standard**

Under FLSA § 207, covered employers are required to pay nonexempt employees for overtime hours, at the overtime rate of one and one-half times their hourly rate, for the hours worked over 40 hours in a week.  29 U.S.C. § 207(a).  Section 216(b) provides a right of action for employees against employers who violate § 207.  Similarly situated employees may "opt-in" to a lawsuit under § 207(a).  Courts recognize two methods for determining whether to certify a collective action on a conditional basis or authorize notice to similarly situated employees: the spurious class action *Shushan* approach, or the two-step *Lusardi* approach.  *Aguirre v. SBC Commc'ns, Inc.,* No. H-05-3198, 2006 WL 964554, at *4 (S.D. Tex. Apr. 11, 2006) (citing *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)).  The Fifth Circuit has not required a specific method.  *Mooney v. Armaco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995).  Most courts use the *Lusardi* approach.  *Aguirre*, 2006 WL 964554, at *4; *see also In re JPMorgan Chase & Co.*, 916 F.3d 494, 500 n.9 (5th Cir. 2019) (applying *Lusardi* and noting that "[t]hough it is frequently employed by district courts, this court has carefully avoided adopting the two-stage "*Lusardi*" method of certifying a collective action"); *Johnson v. Big Lots Stores, Inc.*, No. 04-3201, 2007 WL 5200224, at *3 (E.D. La. Aug. 21, 2007) ("Since *Mooney* district courts in the Fifth Circuit have uniformly used [the *Lusardi* approach] to determine whether a collective [action] should be certified under the FLSA.").

The first step of the *Lusardi* analysis, the notice stage, requires a minimal showing by the plaintiffs that: "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Maynor v. Dow Chem. Co.*, No. G-07-0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008).

3

"A court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Aguierre*, 2006 WL 964554, at *5 (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)).  A court also "has the power to modify an FLSA collective action definition on its own" if the "proposed class action definition does not encompass only 'similarly situated' employees."  *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, No. H-08-1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008) (citing *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 931–32 (5th Cir. 2005)).

Because the court's decision at this first step is usually based only on the pleadings and affidavits, the standard is lenient and typically results in conditional certification.  *Id.*  Discovery is usually not conducted at this stage, and courts do not review the underlying merits of the action in determining whether to grant conditional certification.  *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 926 (D. Ariz. 2010).  To authorize notice, the plaintiffs must provide some factual support for the complaint allegations of a classwide policy or practice.  *Maynor*, 2008 WL 2220394, at *6; *see also Barron v. Henry Cty. Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003) ("[S]ome identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency.").  Courts have favored collective actions when a plaintiff can establish that common issues of law and fact exist and arise from the same alleged activity, because a collective action proceeding may "reduce litigation costs for the individual plaintiffs and create judicial efficiency."  *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 823 (N.D. Tex. 2007) (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

Once a court conditionally certifies a class, the case proceeds as a collective action during discovery.  *Aguirre*, 2006 WL 964554, at *5 (citing *Mooney*, 54 F.3d at 1214).  At the second stage of the analysis, the defendant may move to "decertify" the conditionally certified class.  *Id.* (citing

*Mooney*, 54 F.3d at 1214). The court then must make a factual determination as to whether the employees are similarly situated; if it so finds, the collective action may proceed. *Id.* Alternatively, if the court finds that the employees are not similarly situated, the opt-in plaintiffs are dismissed without prejudice, and the original plaintiffs proceed with their individual claims. *Id.* (citing *Mooney*, 54 F.3d at 1214).

### III.   Analysis

At the notice stage, the question is whether the plaintiffs have made substantial allegations of a common compensation plan or policy that violated the FLSA. The plaintiffs allege the defendants used policies and practices that denied the proposed class members the appropriate hourly wages and overtime compensation they were entitled to receive, failed to pay for their final weeks of work, and made unapproved deductions from their pay, all in violation of the FLSA. (Docket Entry No. 1 at ¶¶ 51–59).

####    A.   Other Aggrieved Individuals Exist

The plaintiffs must show that it is reasonable to believe that there are other aggrieved employees who were subject to the allegedly unlawful policy or plan. *See Morales v. Thang Hung Corp.*, No. H-08-2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009); *Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2007 WL 4146714, at *5 (S.D. Tex. Nov. 19, 2007). The burden at the conditional-certification stage is low. *Barajas v. Acosta*, No. H-11-3862, 2012 WL 1952261, at *3 (S.D. Tex. May 30, 2012).

The plaintiffs offer their own declarations, as well as a declaration from Isabel Peña. (Docket Entry Nos. 23-1, 23-2, 23-3, 23-4). The declarations state that the defendants hired the plaintiffs to work, along with "approximately 25" others, as painters on a project in Houston, Texas. (*See, e.g.*, Docket Entry No. 23-1 at ¶ 4). The plaintiffs were paid an hourly rate on a weekly basis. (*Id.*). They each received deductions on their paystubs, were not paid for their final

5

weeks of work, and were not paid for every hour they worked. (*Id.*). Other "workers on the project" experienced the same treatment. (*Id.*). A supervisor told Macias "that is how Mr. Zivin pays his workers." (Docket Entry No. 23-1 at ¶ 13). The plaintiffs identify other individuals who worked for the defendants who "would join this case if they knew about it." (Docket Entry No. 23-1 at ¶ 15; *see also* Docket Entry No. 23-2 at ¶ 13, 23-3 at ¶ 15, 23-4 at ¶ 14). They also mention that several workers confronted Mitchell Zivin about their missing paycheck. (Docket Entry No. 23-1 at ¶¶ 12–13). These declarations satisfy the first element for conditional certification. *See Barajas*, 2012 WL 1952261 at *3.

### B. Other Employees Are Similarly Situated

Many courts have stated that putative class members must show that they were affected by a common policy, plan, pattern, or practice to satisfy the "similarly situated" inquiry. *See, e.g.*, *O'Brien v. Ed Donnelly Enters., Inc.*, No. 2:04-cv-00085, 2006 WL 3483956, at *3 (S.D. Ohio Nov. 30, 2006) ("Plaintiffs must demonstrate that the Defendants had a common policy or plan in violation of the FLSA that negatively impacted the original and opt-in Plaintiffs."); *England*, 370 F. Supp. 2d at 507 (a court may refuse to allow plaintiffs "to proceed collectively if the action arises from circumstances purely personal to the plaintiff and not from any generally applicable rule, policy, or practice"). A plaintiff must present a reasonable basis for alleging that a class of similarly situated individuals exists. *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007). "[T]he 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance)[, so] . . . . a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b)." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996); *see also Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 535 (S.D. Tex. 2008) (collecting cases).

Potential class members are considered similarly situated to the named plaintiff if they are "similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Ryan*, 497 F. Supp. 2d at 825 (citing *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991)). "[The] positions need not be identical, but [they must be] similar." *Barnett v. Countrywide Credit Indus., Inc.*, No. 3:01-cv-01182, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002) (first alteration in original) (quoting *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994)). If the job duties among putative class members vary significantly, then class certification should be denied. *See, e.g.*, *Dreyer*, 2008 WL 5204149, at *3; *Aguirre*, 2007 WL 772756, at *9.

The declarations from Macias, Isodora Peña, Lopez, and Isabel Peña all state that the defendants hired them as painters for a project in Houston, Texas. (Docket Entry Nos. 23-1, 23-2, 23-3, 23-4). Only Alma Lopez had duties beyond painting. (Docket Entry No. 23-2 at ¶ 10). The declarations also state that each person was paid weekly, experienced the same deductions from their paychecks, and were not paid for their final weeks of work. (Docket Entry Nos. 23-1, 23-2, 23-3, 23-4). Isodora Peña's declaration contends that he compared his paystubs with those given to other putative class members, and each one contained the same deductions. (Docket Entry No. 23-3 at ¶¶ 14; *see also* Docket Entry No. 60-10 at 3). He also stated that his supervisor told him that his paystubs reflected the defendants' "policies." (Docket Entry No. ¶ 14). Attached to each declaration is an identical paystub with the same deductions for "EQUIP RENTAL/IS/RT." (Docket Entry Nos. 23-1 at 7, 23-2 at 6, 23-3 at 7, 23-4 at 6).

These declarations and attachments are sufficient evidence to show that other painters for the defendants had similar job responsibilities and were subject to the same pay policy to meet the low bar required for conditional certification. *Gonzalez v. Ridgewood Landscaping, Inc.*, No. H-09-2992, 2010 WL 1903602, at *7 (S.D. Tex. May 10, 2010) (plaintiffs do "not need to establish

7

that they are 'identically situated.'"). This conclusion does not prevent the defendants from moving to decertify the class if the plaintiffs are unable to substantiate their claims that the members of the conditional class were similarly situated and subject to common policy.

### C. Other Employees Want to Opt-In

To show that other similarly situated employees want to join the class, the "plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit." *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007) (emphasis omitted). "Affidavits from potential class members affirming their intention to join the suit are ideal for an analysis of whether 'the putative class members were together the victims of a single decision, policy, or plan.'" *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007) (quoting *Mooney*, 54 F.3d at 1214 n.8); *see also D'Anna v. M/A–COM, Inc.*, 903 F. Supp. 889, 894 (M. Md. 1995) (affidavits are advisable so an employer will "not be unduly burdened by a frivolous fishing expedition conducted by [a] plaintiff at the employer's expense"). "However, affidavits *per se* are not required and a named plaintiff may submit some other form of evidence that the additional aggrieved persons exist and want to join the suit." *Simmons*, 2007 WL 210008, at *9.

"[A] district court 'should satisfy itself that there are other employees . . . who desire to opt-in and who are similarly situated with respect to their job requirements and with regard to their pay provisions.'" *Id.* (quoting *Dybach*, 942 F.2d at 1568). "It is conceivable that in certain circumstances, such as when an employee worked for an employer for only a short period of time, it might be appropriate to permit some discovery as to the identity of other similarly situated employees," but "an FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action." *Parker*, 492 F. Supp. 2d at 1166, 1167 n.6.

Macias, Lopez, and Isodora Peña, the named plaintiffs to this lawsuit, identify other painters for the defendants who "would join this case if they knew about it." (Docket Entry No. 32-1 at ¶ 15; *see also* Docket Entry Nos. 32-2 at ¶ 13, 32-3 at ¶ 15). The plaintiffs also submitted the declaration of Isabel Peña, who has already opted in to this lawsuit and identifies others who would opt in. (Docket Entry No. 32-4 at ¶ 14). Three others employees for the defendants have also opted in. (Docket Entry No. 22). The plaintiffs "need only show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan." *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 862 (S.D. Tex. 2012). The declarations and similarly situated employees who opted in to the proposed collective action are sufficient to show that other aggrieved individuals want to join this lawsuit. The third element is met.

**D.     Notice**

The plaintiffs ask for an order requiring the defendants to give them a list of the names, last known home addresses, email addresses, phone numbers, and dates of employment for the class members. (Docket Entry No. 23 at 7). They request that this information be sent in a usable electronic format. (*Id.*). The plaintiffs also ask to contact the class members in English and Spanish by first-class mail, and then follow up with putative class members by telephone, email, and text message to confirm address information and receipt of notice. (*Id.* at 8). They ask that a second notice using the methods described above be sent to class members who do not opt in after the first notice. (*Id.*). They also request that class members be allowed to opt in using an electronic signature. (*Id.*).

Notice via first-class mail and email is appropriate. Courts in this circuit have increasingly recognized that email is a common, and often primary, means of communication for many workers. "Email is universally hailed as an effective communication tool and it makes little sense to pretend that it would not be helpful when sending out class notice, especially when it costs absolutely

9

nothing." *Wade v. Furmanite Am., Inc.*, No. 3:17-cv-00169, 2018 WL 2088011, at *7 (S.D. Tex. May 4, 2018); *see Wingo v. Martin Transp., Inc.*, No. 2:18-cv-00141-JRG, 2018 WL 6334312, at *9 (E.D. Tex. Dec. 5, 2018); *Vega v. Point Sec., LLC*, No. A-17-CV-049-LY, 2017 WL 4023289, at *4 (W.D. Tex. Sept. 13, 2017), *report and recommendation approved*, No. A-17-CV-049-LY, 2017 WL 8774233 (W.D. Tex. Oct. 12, 2017); *see also Landry v. Swire Oilfield Servs., LLC*, 252 F. Supp. 3d 1079, 1129 (D.N.M. 2017); *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012).

Text messages and phone calls can present invasion of privacy concerns. *See Stephens v. Farmers Rest. Grp.*, 291 F. Supp. 3d 95, 122 (D.D.C. 2018). While some courts have concluded that allowing text-message notice is a natural extension of the cases allowing email notice, *see, e.g.*, *Lawrence v. A-1 Cleaning & Septic Sys., LLC*, No. 4:19-cv-03526, 2020 WL 2042323, at *5 (S.D. Tex. Apr. 28, 2020); *Barnes II v. Gracia Mex. Kitchen, LLC*, No. 2:18-cv-00140 (S.D. Tex. Jan. 22, 2019), it does not appear to be necessary here in addition to regular mail and email.

Courts routinely allow potential class members to opt in to FLSA collective actions with an electronic signature. *See Furmanite Am., Inc.*, 2018 WL 2088011, at *8 ("[R]ecent technological advances . . . have made electronic signatures trustworthy, valid, and enforceable."); *Aguirre v. Tastee Kreme #2, Inc.*, No. CV H-16-2611, 2017 WL 2350064, at *8 (S.D. Tex. May 31, 2017) ("The court finds that allowing electronic signatures is appropriate"); *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 518 (W.D. Tex. 2015) ("The Court concludes Plaintiff may employ its proposed electronic signature method for execution of consent forms."); *White v. Integrated Elec. Tech., Inc.*, 2013 WL 2903070, at *9 (E.D. La. June 13, 2013) (approving a request to allow class members to execute electronic consent forms, noting other "courts have also approved the use of online, electronic signature opt-in forms," and citing cases); *Jones v. JGC Dall. LLC*, 2012 WL 6928101, at *4 (N.D. Tex. Nov. 29, 2012), *adopted in* 2013 WL 271665

(N.D. Tex. Jan. 23, 2013) (approving an unopposed request that class members be given option of executing consent forms online via an electronic signature service). Electronic signatures have the same "legal effect, validity, and enforceability" as paper signatures, 15 U.S.C. § 7001(a)(1), and "commercial transactions are routinely cemented by electronic submission." *Mraz v. Aetna Life Ins. Co.*, 2014 WL 5018862, at *5 (M.D. Pa. Oct. 7, 2014). The potential class members may opt in to the class using an electronic signature.

The plaintiffs have not shown that confirmation of receipt or follow-up notice is necessary. Although district courts have split over whether reminder notices are proper in FLSA collective actions, most courts require a plaintiff to show that the follow-up notice is necessary. *See Landry*, 252 F. Supp. 3d at 1129; *Garcia v. TWC Admin., LLC*, No. SA:14-cv-985-DAE, 2015 WL 1737932, at *6 (W.D. Tex. Apr. 16, 2015); *Guzelgurgenli v. Prime Time Specials, Inc.*, 883 F. Supp. 2d 340, 357–58 (E.D.N.Y. 2012). Without evidence that a follow-up notice is necessary to give putative class members sufficient notice in this case, it is premature to allow follow-up notice. *See In re Wells Fargo Wage & Hour Emp't Practices Litig. (No. III)*, , 2013 WL 2180014, at *3.

**IV.    Conclusion**

The motion for conditional class certification, (Docket Entry No. 23), is granted for "All workers who performed labor on construction projects for Catapult Painting, FR Commercial, BBP Industries, or other related entity operated by Mitchell Zivin or Wendy Zivin during the relevant statute of limitations, who were subjected to deductions from their pay for worker's compensation insurance or equipment rental costs." By November 6, 2020, the defendants must produce the names; telephone numbers; last known home addresses; all known email addresses; and dates of employment of the putative class members, in an electronic format.

The proposed notice, attached as Exhibit 1 to this order, with the dates to be filled in by counsel for the plaintiffs consistent with this order, is approved. The notices must be sent, in

English and Spanish, no later than December 4, 2020, by first-class mail and email.  The first-class mail notice must include a notice of consent and an addressed and postage-prepaid return envelope.  The email notice must include an electronic opt-in form.  The class members have until March 5, 2021, to opt in.

SIGNED on October 22, 2020, at Houston, Texas.

_____

Lee H. Rosenthal
Chief United States District Judge

# Exhibit 1