United States District Court
Southern District of Texas
**ENTERED**
February 24, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PERCY MACIAS, *et al.*, individually and | § | |
| on behalf of all others similarly situated | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-4856 |
| | § | |
| CATAPULT PAINTING, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS
COUNTERCLAIMS WITH PREJUDICE**

Percy Macias, Isodoro Peña, and Alma Lopez sued Catapult Painting, LLC, FR

Commercial LLC, BBP Industries, LLC, Sambecca Management Group, LLC, Mitchell Zivin, and

Wendy Zivin, alleging that the defendants, acting as joint employers, violated the Fair Labor

Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, by failing to pay them the full amount of their

wages and by making alleged deductions from their pay.  (Docket Entry No. 1).  The defendants

filed, amended, and reamended their counterclaims, which this court dismissed.  (Docket Entry

Nos. 14, 18, 25).  The have now filed their third and fourth amended counterclaims, without

seeking leave to amend.[1]  (Docket Entry Nos. 29, 36).  The counterclaims again allege that Macias,

Peña, and Lopez, the named plaintiffs, committed civil theft and common-law fraud by submitting

falsified timesheets.  (Docket Entry No. 36 at ¶¶ 1–7).  The plaintiffs moved to dismiss the

counterclaims, (Docket Entry Nos. 32, 40), and the defendants did not respond.

The fourth amended counterclaims do not meet the Federal Rule of Civil Procedure 9(b)

heightened pleading standard for fraud claims.  The counterclaims are dismissed.  Because the

---

[1] The defendants' third and fourth amended counterclaims are nearly identical.  The court will address the
fourth amended counterclaims, even though the defendants did not seek leave to amend.

defendants have amended their counterclaims four times without curing the defects, amendment would be futile and dismissal is with prejudice.

## I.      Factual Background

The defendants allege that the plaintiffs, former employees, submitted "fraudulent time sheets" that "consist of reported time that was not worked," and that the plaintiffs submitted "time sheets . . . for workers that were never present on the job site."  (Docket Entry No. 36 at ¶ 6).  Since the court's ruling dismissing their second amended counterclaims, the defendants added little detail to their amended counterclaims.  (Docket Entry No. 25).

The new, material allegations are:

- Macias and Peña verbally communicated their weekly hours to Lopez.  (Docket Entry No. 36 at ¶¶ 14, 16).

- The hours for the plaintiffs were submitted to either FR Commercial or BBP Industries. (*Id.* at ¶¶ 9, 14, 16).

- The defendants cannot "allege the days that [fraudulent] time was 'worked'" because the "hours were not actually worked."  (*Id.* at ¶¶ 9, 14, 16).

## II.     The Legal Standard

A motion to dismiss for failure to plead with the particularity Rule 9(b) requires is treated as a Rule 12(b)(6) motion for dismissal for failure to state a claim. *See United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 n.8 (5th Cir. 2009); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).  Rule 9(b) "imposes a heightened pleading standard in cases where the plaintiff alleges fraud or mistake: particularity."  *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 116–17 (5th Cir. 2019).  Federal Rule of Civil Procedure 9(b) states that:

2

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

"When the Rule 9(b) pleading standard applies, the complaint must contain factual allegations stating the 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Matter of Life Partners*, 926 F.3d at 117 (alteration omitted) (quoting *Tuchman v. DSC Comm'cns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)).  "[T]o properly allege fraud under Rule 9(b), the plaintiff must plead the who, what, when, where, and why as to the fraudulent conduct." *Id.*  "While Rule 9(b) provides that intent and knowledge 'may be alleged generally,' this is not license to base claims of fraud upon conclusory allegations." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 154 (5th Cir. 2010).  The complaint or counterclaim must allege a "plausible" basis for intent and knowledge under Rule 8.  *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260–61 (5th Cir. 2014); *see Ashcroft v. Iqbal*, 556 U.S. 662, 686–87 (2009) ("[Rule 9(b)'s 'generally' language] does not give [a plaintiff] license to evade the less rigid—though still operative—strictures of Rule 8. . . . And Rule 8 does not empower a respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss.").

## III.    Analysis

### A.    The Common-Law Fraud Counterclaim

A claim for common-law fraud under Texas law requires allegations that "the defendant made (1) a material misrepresentation, (2) that was false, (3) which, at the time it was made, the defendant either knew was false or made it recklessly without knowledge of its truth, (4) with the intent that it be relied upon, (5) that the misrepresentation was actually and justifiably relied and acted upon by the plaintiff, and (6) that the plaintiff suffered injury."  *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 388 F. Supp. 2d 780, 784 (S.D. Tex. 2005).

3

The fourth amended counterclaims do not remedy the flaws identified in the court's previous decision. The only "specific content" in the allegedly fraudulent timesheets is the number of "fraudulent" hours worked. The counterclaims allege that each plaintiff and "ghost" employee worked 20 fraudulent hours per week, without mentioning the full number of hours the plaintiffs reported, the number of hours they actually worked, and the days on which the allegedly false hours were added. *See Risinger v. SOC LLC*, 936 F. Supp. 2d 1235, 1243 (D. Nev. 2013); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) ("Pleading fraud with particularity in this circuit requires time, place and contents of the false representations." (quotation marks and citation omitted)). It is impossible to tell whether the plaintiffs added hours to each day they did work, reported hours for days they did not work at all, or submitted only fraudulent hours. The defendants "do not cite one statement that was made" in the plaintiffs' timesheets. *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001).

Nor do the defendants allege how many allegedly falsified timesheets the plaintiffs submitted, how many hours they reported per day, or who they submitted timesheets to. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008) ("[The plaintiff] did not include the specific dates of any subsequent transactions and did not identify the speakers making alleged misrepresentations."); *see also Softketeers, Inc. v. Regal W. Corp.*, No. 19-CV-519, 2020 WL 3051361, at *3 (C.D. Cal. Apr. 22, 2020) ("Defendants do not identify which developers were instructed to falsify their time sheets, how many of the time sheets were falsified, or when in this time period this misconduct occurred."); *Solano v. Ali Baba Mediterranean Grill, Inc.*, No. 3:15-CV-0555, 2015 WL 7770893, at *7 (N.D. Tex. Dec. 3, 2015) ("However, the defendants fail to state the time period during which the plaintiff was allegedly misrepresenting his hours, the location at which the plaintiff recorded his allegedly over-stated hours, and the method the plaintiff used to record his hours."); *United States v. Compass Med., P.C.*, No. 09-CV-12124, 2011 WL

4

5508916, at *4 (D. Mass. Nov. 10, 2011) ("[The plaintiff] fails to allege when the false statements were actually recorded on specific billing sheets . . . . Nor does she connect any given billing sheet to a specific patient, nursing home, date, billing code, or the treatment claimed.").  Without these or similar details, the defendants have not sufficiently alleged fraud.

### B.    The Civil-Theft Counterclaim

Civil theft under the Texas Theft Liability Act is defined as "unlawfully appropriating property or unlawfully obtaining services as described by [various sections of the] Penal Code." TEX. CIV. PRAC. & REM. CODE § 134.002(2).  The defendants do not cite the Texas Penal Code or provide information about their counterclaim.  As this court explained in its prior decision, the defendants can assert a plausible claim apart from fraud only if they provide a "separate focus" for that claim. (Docket Entry No. 25); *see Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003).  For the second time, the defendants did not respond to the plaintiffs' motion to dismiss and failed to identify a basis besides fraud for their civil-theft counterclaim.  Their counterclaim fails again, for the same reasons it failed the first time.

The plaintiffs requested dismissal with prejudice.  (Docket Entry No. 40).  The court gave the defendants a chance to amend their counterclaims, and they twice amended the counterclaims without the court's permission.  Given these repeated failures, the counterclaims are dismissed, with prejudice.  *See Reece v. Chubb Lloyds Ins. Co. Tex.*, No. 11-CV-507, 2011 WL 841430, at *2 (S.D. Tex. Mar. 8, 2011); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

**IV.    Conclusion**

The plaintiffs' motion to dismiss, (Docket Entry Nos. 32, 40), is granted, with prejudice and without leave to amend because amendment would be futile.

SIGNED on February 24, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge